UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLEOLA M. DAVIS, *as the Administrator of the Estate of* MATTIE R. DAVIS,

      *Plaintiff*,

v.

STATE FARM FIRE AND CASUALTY COMPANY *and* WELLS FARGO BANK, N.A.,

      *Defendants*.

No. 24-CV-6728 (KMK)

ORDER & OPINION

---

Appearances:

Dave Richard Britton, Esq.
Law Offices of Dave R. Britton
White Plains, NY
*Counsel for Plaintiff*

Michael Anthony Troisi, Esq.
Paul V. Majkowski, Esq.
Rivkin Radler LLP
Uniondale, NY
*Counsel for Defendant State Farm Fire and Casualty Company*

Andrew Brooks Messite, Esq.
Yimell Marie Suarez Abreu, Esq.
Reed Smith LLP
New York, NY
*Counsel for Defendants Wells Fargo Bank, N.A.*

KENNETH M. KARAS, United States District Judge:

 Cleola M. Davis ("Cleola" or "Plaintiff"), as the Administrator of the Estate of Mattie R. Davis ("Mattie"), brings this Action against State Farm Fire and Casualty Company, ("State Farm"), and Wells Fargo Bank, N.A., ("Wells Fargo") (together, "Defendants"), seeking declaratory judgment and damages for breach of contract, breach of duty of good faith and fair

dealing, and negligence.  (*See generally* Compl. (Dkt. No. 1-1).)  Before the Court is Plaintiff's Motion to Amend the Complaint (the "Motion").  (*See* Not. of Mot. (Dkt. No. 34).)  For the reasons discussed below, the Motion is granted in part and denied in part.

## I.  Procedural Background

Plaintiff brought this Action on July 31, 2024, in the Westchester County Supreme Court.  (*See* Compl.)  On September 4, 2024, this Action was removed to this Court.  (*See* Dkt. No. 1.)

On October 10, 2024, Wells Fargo filed an Answer to Plaintiff's claims denying the allegations in the Complaint and a counterclaim and crossclaim against State Farm.  (*See* Dkt. Nos. 6, 8.)  On October 28, 2024, State Farm filed an Answer to Wells Fargo's counterclaim and crossclaim.  (Dkt. No. 15.)

On December 16, 2024, the Court set a schedule on Defendants' motion to dismiss.  (*See* Dkt. No. 20.)  On December 30, 2024, Plaintiff submitted a pre-motion letter seeking leave to file a motion to amend her Complaint.  (*See* Dkt. No. 21.)  On January 10, 2025, the Court set a briefing schedule on the instant Motion.  (*See* Dkt. No. 26.)  On January 23, 2025, Plaintiff and State Farm stipulated to the withdrawal of Plaintiff's first and third causes of action and demands for punitive damages and attorneys' fees against State Farm.  (*See* Stipulation (Dkt. No. 33).)

On February 15, 2025, Plaintiff filed the instant Motion and a Proposed Amended Complaint ("PAC").  (*See* Aff'n in Supp. of Mot. ("Pl's Aff'n") (Dkt. No. 34-1); PAC (Dkt. No. 34-2).)  On March 14, 2025, Defendants filed their responses.  (*See* Mem. of Law in Supp. of Opp. ("Wells Fargo's Opp'n") (Dkt. No. 35); Response in Opp'n to Mot. ("State Farm's Opp'n") (Dkt. No. 36).)  On March 28, 2025, Plaintiff filed a Reply.  (*See* Reply Aff'n in Supp. of Mot. ("Pl's Reply") (Dkt. No. 38).)

II. Discussion

A. Standard of Review

"Under Rule 15(a), where a party cannot amend as a matter of course, '[a] party may amend its pleading only with the opposing party's written consent or the court's leave,' however, '[t]he court should freely give leave when justice so requires.'" *Falls v. Pitt*, No. 16-CV-8863, 2020 WL 2097626, at *2 (S.D.N.Y. May 1, 2020) (quoting Fed. R. Civ. P. 15(a)(2)). "Amendments are generally favored because they 'tend to facilitate a proper decision on the merits.'" *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (quoting *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011)). While the Court "has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party[,] . . . [o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007) (quotation marks and citations omitted); *see also Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021) (stating that amendment may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party"); *Grant v. World Wrestling Ent., Inc.*, No. 24-CV-90, 2025 WL 1332999, at *2 (D. Conn. May 7, 2025) ("Under this permissive standard, a court may deny leave to amend only upon a showing of 'futility, bad faith, undue delay, or undue prejudice to the opposing party.'") (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993))). Thus, in deciding whether to grant a motion to amend a pleading, the Court considers "(i) whether the party seeking the amendment has unduly delayed; (ii) whether that party is acting in good faith; (iii) whether the opposing party will be prejudiced; and (iv) whether the amendment will be futile." *CFPB v. MoneyGram Int'l, Inc.*, No. 22-CV-

3

3256, 2025 WL 297389, at *5 (S.D.N.Y. Jan. 24, 2025) (quoting *Baez v. Delta Airlines, Inc.*, No. 12-CV-3672, 2013 WL 5272935, at *4 (S.D.N.Y. Sept. 18, 2013)).

B.  Analysis

    1.  Undue Delay

In the Second Circuit, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citation omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) ("[W]e have held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion."). Where a significant period of time has passed prior to filing a motion to amend, however, the moving party must provide an explanation for the delay. *See Park B. Smith, Inc. v. CHF Industries Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) (describing the movant's burden to explain extended delay and collecting cases). The Court has discretion to "deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties." *Barkai v. Nuendorf*, No. 21-CV-4060, 2022 WL 268100, at *2 (S.D.N.Y. Jan. 27, 2022) (internal quotation marks omitted) (quoting *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000)).

Here, the Court set a schedule on the instant Motion on January 10, 2025, so-ordered the Parties' stipulation on January 23, 2025, and Plaintiff moved to amend on February 15, 2025. (*See* Dkt. Nos. 26, 33, 34.) Notably, the instant motion practice has complied with the Court's scheduling order. (*See* Dkt. No. 26.) *See Jimenez v. Rutgers Cas. Ins. Co.*, 775 F. Supp. 3d 695, 700 (E.D.N.Y. 2025) (noting the defendant's motion to amend is "per se timely" because it adhered to the court's so-ordered scheduling order agreed to by the parties (emphasis omitted));

4

*see also Reyes v. Yager Esthetics Estetica*, No. 24-CV-3206, 2025 WL 1156761, at *2 (S.D.N.Y. Apr. 21, 2025) (stating there was no undue delay because plaintiff filed an amended complaint according to the deadline set by the court). Accordingly, there is no undue delay here.

    2. Bad Faith

Wells Fargo argues that Plaintiff is proceeding in bad faith and argues that Plaintiff should not be granted leave to file the PAC. (*See* Wells Fargo's Opp'n 1, 10–11.) Further, Wells Fargo argues Plaintiff is proceeding in bad faith "as a dilatory tactic" by purposely excluding supporting documentation and "asserting [in Plaintiff's PAC] the same demonstrably false facts about Wells Fargo's possession and control of the [p]remises" as the original Complaint filed in state court. (*Id.* 10–11.) Wells Fargo also argues that Plaintiff's reliance on Wells Fargo's "internally generated documents and reports" without further support and her refusal to review documentation that supports Wells Fargo's position constitutes bad faith. (*Id.* 10, 12.) The Court disagrees.

For a showing of bad faith, a party must convey "a misleading impression that claims were fixed or where the earlier decision not to plead additional allegations 'was a tactical one.'" *Dalewitz v. Procter & Gamble Co.*, No. 22-CV-7323, 2025 WL 764023, at *3 (S.D.N.Y. Mar. 11, 2025) (quoting *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 340 (S.D.N.Y. 2024)). Neither is the case here. Plaintiff has only added further context to existing factual allegations, (*see, e.g.*, PAC ¶ 24 (adding that State Farm is obligated to conduct a fair investigation under the Policy); *id.* ¶ 27 (adding a reference to the Policy); *id*. ¶ 63 (adding that Wells Fargo assumed obligations of the mortgagor under the Policy)), and submitted the Amended Complaint only one day after the deadline of February 14, 2025, which was agreed to by all Parties and ordered by the Court. (*See* Pl's Aff'n.; Order Granting Mot. to Extend Time to

Amend (Dkt. No. 31).) "[W]hen the opponent of an amendment asserts that the movant is acting in bad faith, there must be something more than mere delay or inadvertence for the court to refuse to allow amendment." *Primetime 24 Joint Venture v. DirecTV, Inc.*, No. 99-CV-3307, 2000 WL 426396, at *5 (S.D.N.Y. Apr. 20, 2000); *see also Blagman v. Apple, Inc.*, No. 14-CV-5453, 2014 WL 2106489, at *3 (S.D.N.Y. May 19, 2014) (rejecting defendants' argument that plaintiff's delay was strategic where defendants "provide[d] no showing of bad faith apart from the delay itself"); *Randolph Found. v. Duncan*, No. 00-CV-6445, 2002 WL 32862, at *3 (S.D.N.Y. Jan. 11, 2002) (stating that evidence to support a proposed amendment not being raised earlier in litigation does not by itself constitute bad faith).

Additionally, Wells Fargo uses its Opposition papers to present evidence that it asserts repudiates Plaintiff's claims. (Wells Fargo's Opp'n 8–13.) A motion to amend is not the proper vehicle to resolve substantive arguments between the Parties and there is no reason why the issues presented by Wells Fargo should be resolved at this stage of the litigation. *See Orbetta v. Dairyland USA Corp.*, No. 20-CV-9000, 2024 WL 3385640, at *4 (S.D.N.Y. July 12, 2024) (stating that "at [the pleading] stage, the court does not decide substantive issues going to the ultimate merits" (quoting *Wood. v. Mike Bloomberg 2020, Inc.*, 484 F. Supp. 3d 151, 157 (S.D.N.Y. 2020))). Further, Wells Fargo's references to supporting documentation are unavailing because "materials outside the pleadings are not properly considered on a motion to amend." *Ahmad v. Day*, 647 F. Supp. 3d 272, 282 (S.D.N.Y. 2022); *see also Richard Mfg. Co., Inc. v. Richard*, 513 F. Supp. 3d 261, 291 (D. Conn. 2021) ("[M]aterials outside of the pleadings . . . cannot be considered on a motion for leave to amend." (quoting *Permatex, Inc. v. Loctite Corp.*, No. 03-CV-943, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004))).

6

The Court therefore finds that Defendants "ha[ve] not demonstrated that [Plaintiff] has acted with undue delay, in bad faith, or with any dilatory motive." *SBI Invs. LLC, 2014-1 v. Eventure Interactive, Inc.*, No. 17-CV-4159, 2018 WL 2417847, at *5 (S.D.N.Y. May 28, 2018) (granting the plaintiff leave to file an amended complaint).

3.  Undue Prejudice

"Undue prejudice speaks to 'whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed.'" *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, No. 21-CV-695, 2022 WL 1555606, at *2 (S.D.N.Y May 16, 2022) (quoting *E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)).  Further,

> the degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation:  the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party.

*Foster v. UPS Freight, Inc.*, No. 18-CV-10294, 2020 WL 5350446, at *5 (S.D.N.Y Sept. 4, 2020) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)), *report and recommendation adopted*, 2022 WL 370070 (S.D.N.Y. Feb. 8, 2022).  "The [opposing] party bears the burden 'of demonstrating that substantial prejudice would result were the proposed amendment to be granted.'" *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (quoting *Oneida Indian Nation of N.Y. State v. County of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000)).

Here, the Court does not find that amendment of the Complaint would cause undue prejudice to Defendants.  The PAC includes new factual allegations relevant to State Farm's denial of coverage, but the additions would not substantially alter the scope of fact discovery. (*See, e.g.*, PAC ¶ 13 (adding that State Farm dispatched an employee to assess the damage); *id.*

7

¶ 20 (changing absence of reimbursement for Plaintiff to a lack of support for State Farm's decision).) Moreover, no discovery has been conducted, and the present Motion represents the entirety of motion practice in this Action thus far. "Courts in the Second Circuit have granted motions to amend where the parties had progressed significantly farther in the litigation." *Doe v. County of Rockland*, No. 21-CV-6751, 2022 WL 2533151, at *3 (S.D.N.Y. July 7, 2022); *see also Washington v. Dewey*, No. 17-CV-1316, 2019 WL 1921939, at *2 (D. Conn. Apr. 30, 2019) ("Courts have granted motions to amend where the litigation has progressed significantly, even past discovery, on the grounds that absent a showing of prejudice, leave to amend should be freely given."); *Pall Corp. v. Entegris, Inc.*, No. 05-CV-5894, 2007 WL 9709768, at *2 (E.D.N.Y May 5, 2007) (allowing the plaintiff to amend the complaint even after "[t]he parties [had] proceed[ed] with substantial discovery"); *cf. Brawer v. Egan-Jones Ratings Co.*, 347 F.R.D. 650, 654 (S.D.N.Y. 2024) (granting plaintiff's motion to amend prior to defendants filing any pre-trial dispositive motions such as a motion to dismiss).

    4. Futility

"To determine whether a proposed pleading is futile, courts analyze whether it would withstand a motion to dismiss." *Agerbrink*, 155 F. Supp. 3d at 456 (citation omitted); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."). "The opposing party must establish that granting leave to amend would be futile." *Blagman*, 2014 WL 2106489, at *5 (citing *Sotheby's, Inc. v. Minor*, No. 08-CV-7694, 2009 WL 3444887, at *3 (S.D.N.Y. Oct. 26, 2009) (applying the same principle for a motion to amend a counterclaim)). A motion for leave to file an amended pleading should not be denied on the basis of futility "unless the proposed

8

amendment is clearly frivolous or facially insufficient . . .[,] the court should not consider its substantive merits but should grant leave to amend and allow the opposing party to subsequently test the merits of the amendment through a dispositive motion." *Dominguez v. Walsh*, No. 22-CV-6443, 2023 WL 6199861, at *3 (S.D.N.Y. Sept. 22, 2023) (quoting *Tiffany (NJ) Inc. v. eBay Inc.*, No. 04-CV-4607, 2006 WL 8461405, at *1 (S.D.N.Y. 2006)).

Wells Fargo appears to contend that Plaintiff's PAC is futile. (*See* Wells Fargo's Opp'n 8–9.) Indeed, the first section of their argument is "Plaintiff's Motion To Amend is Futile and Must Be Denied." (*Id.* 8.) Wells Fargo cites the standard for futility, namely that "[where] evidence in record taken as whole . . . was insufficient as a matter of law to prove plaintiff's allegations, amended . . . would have been futile and therefore properly denied." (*Id.* 9 (citing *Azurite Corp. v. Amster & Co.*, 52 F.3d 15 (2d Cir. 1995)). But that is as far as Wells Fargo goes, because Wells Fargo immediately moves on to a bad faith argument. (*See id.* 9–10.) In the absence of fulsome argument on this point, the Court "cannot determine at this point that [] [P]laintiff's amendment would be futile." *Twahir v. Vill. Care of N.Y., Inc.*, No. 10-CV-9452, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011).[1]

Additionally, the Court is mindful that amendment under Rule 15 is designed to afford litigants the "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Bond v. Nolan*, No. 89-CV-357, 1994 WL 132139, at *1 (S.D.N.Y.

---

[1] Further, in the absence of any clear showing by Defendants that the PAC is "frivolous or facially insufficient," (i.e., would not withstand a 12(b)(6) motion to dismiss), the Court will not deny the Motion as futile. *Cf. Tiffany (NJ) Inc.*, 2006 WL 8461405, at *4 (denying defendant's proposed amended complaint for being "facially insufficient"); *see also Xerox Corp. v. Lantronix, Inc.*, 342 F. Supp. 3d 362, 371–72 (W.D.N.Y. Oct 31, 2018) (affirming that the standard for assessing futility in early stages of litigation is whether "the proposed new claim cannot withstand a 12(b)(6) motion to dismiss").

Apr. 11, 1994); *see also Kirkland-Hudson*, 2022 WL 1555606, at *3 (granting leave to amend after plaintiff provided new allegations that sufficiently plead violations of law). "In the interests of judicial economy and in the absence of undue prejudice," the Court "decline[s] to engage in a detailed futility analysis [because] the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Conopoco*, 2021 WL 2075586, at *2; *see also Chan v. City of N.Y.*, No. 19-CV-7239, 2021 WL 6502292, at *5 (E.D.N.Y. Dec. 29, 2021) (applying this principle and granting leave to add four new defendants).

     5.  The Stipulation

"Courts generally enforce stipulations that narrow the issues in a case." *Sinicropi v. Milone*, 915 F.2d 66, 68 (2d Cir. 1990) (citing *Berkman v. City of N.Y.*, 705 F.2d 584, 587 n.2 (2d Cir. 1983)); *see also Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp.*, 400 F. Supp. 3d 7, 14–15 (S.D.N.Y. 2019) ("Under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." (quoting *PPX Enters., Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2d Cir. 1984))). Further, "[a] party to a stipulation is not entitled to withdraw from the agreement unilaterally and can only obtain such relief by court action." *Sinicropi*, 915 F.2d at 69; *see also Perez v. U.S. Immigration and Customs Enforcement*, No. 19-CV-3154, 2020 WL 5362356, at *5 (S.D.N.Y. Sept. 8, 2020) (enforcing the a stipulation to which the parties had agreed); *Hirsch v. Citibank, N.A.*, No. 12-CV-1124, 2014 WL 2745187, at *19 (S.D.N.Y. June 10, 2014) (noting that a party waives the right to contest or present arguments when it accepts the benefit of the stipulation "unless [it] can demonstrate separate grounds for recission of the stipulation"). However, a court "may [] disregard a stipulation if it would be manifestly unjust." *Sinicropi*, 915 F.2d at 69; *Marini v. Adamo*, 995 F. Supp. 2d 155, 185 (E.D.N.Y. 2014) (analyzing the exceptions listed in *Sinicropi* in a dispute over a stipulation).

On January 23, 2025, the Court so-ordered a Stipulation between Plaintiff and State Farm. (*See* Stipulation.) Plaintiff agreed to withdraw "without prejudice" her first and third causes of action and demands for punitive damages and attorneys' fees against State Farm. (*Id.* ¶ 1.) State Farm agreed to withdraw its "motion to dismiss" as moot. (*Id.* ¶ 3.) Wells Fargo is not a party to the Stipulation. (*See generally id.*) The PAC does not comply with the Stipulation. (*See generally* PAC (retaining the first and third causes of action and demands for punitive damages and attorneys' fees).) State Farm argues that the Court should order Plaintiff to file a complaint that does, in fact, comply with the Stipulation. (*See* State Farm's Opp'n ¶ 3–4.) Plaintiff fails to respond to this argument. (*See generally* Pl's Reply.)

"Having agreed on a set of facts, the parties who adopted the stipulation, and this Court, must be bound by them; [the Court is] not free to pick and choose at will." *Mason Tenders Dist. Council Welfare Fund*, 400 F. Supp. 3d at 14–15 (quoting *PPX Enters.*, 746 F.2d at 123); *see also Biegler v. Educ. Credit Mgmt. Corp.*, 609 B.R. 289, 295–96 (N.D.N.Y. 2019) (stating that the court is generally bound by the terms of the stipulation). By agreeing to withdraw the first and third causes of action and demands for punitive damages and attorneys' fees against State Farm as part of the Stipulation, Plaintiff and State Farm effectively "narrowed the issues before the [C]ourt" and were thus bound by the terms of the Stipulation. *Amica Mut. Ins. Co. v. BMW of N. Am., LLC*, No. 22-CV-391, 2023 WL 3144042, at *3–4 (2d Cir. 2023) (summary order) (quoting *Sinicropi*, 915 F.2d at 69); *see also Braintree Lab'y Inc. v. Breckenridge Pharm. Inc.*, 170 F. Supp. 3d 555, 559 (S.D.N.Y. 2016) (noting that the parties were bound by stipulations that narrowed the issues to be decided in the case); *Marini*, 995 F. Supp. 2d at 185 (enforcing the courts so-ordered stipulation that waived defendants right to challenge factual allegations of the complaint). Plaintiff is not permitted to unilaterally repudiate the Stipulation, especially as

Plaintiff has failed to respond to State Farm's arguments as to compliance with the Stipulation and offers no arguments alleging, for example, that the Stipulation represents a manifest injustice.

### III.  Conclusion

For the reasons set forth above, the Court grants in part and denies in part Plaintiff's Motion.  Specifically, the Motion is granted to the extent that Plaintiff is permitted to file an Amended Complaint, but is denied as to the filing of the PAC as currently drafted.  The Court therefore orders Plaintiff to file an Amended Complaint that complies with the Stipulation.  Plaintiff must file the Amended Complaint within 30 days of the date of this Order.  The Clerk of the Court is respectfully directed to terminate the pending motion flags at Dkt. Nos. 34, 38, 39, and 41, and correct Defendant's name in the case caption from "State Farm Insurance Companies" to "State Farm Fire and Casualty Company."

SO ORDERED.

Dated:   July 24, 2025
         White Plains, New York

KENNETH M. KARAS
United States District Judge