UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEOLA M. DAVIS, *as the Administrator of the Estate of* MATTIE R. DAVIS,

*Plaintiff*,

v.

STATE FARM FIRE AND CASUALTY COMPANY *and* WELLS FARGO BANK, N.A.,

*Defendants*.

No. 24-CV-6728 (KMK)

OPINION & ORDER

Appearances:

Dave R. Britton, Esq.
Law Offices of Dave R. Britton
White Plains, NY
*Counsel for Plaintiff*

Andrew B. Messite, Esq.
Reed Smith, LLP
Philadelphia, PA
*Counsel for Defendant Wells Fargo Bank, N.A.*

Yimell M. Suarez Abreu, Esq.
Reed Smith, LLP
New York, NY
*Counsel for Defendant Wells Fargo Bank, N.A.*

KENNETH M. KARAS, United States District Judge:

Cleola M. Davis ("Cleola" or "Plaintiff"), as the Administrator of the Estate of Mattie R. Davis ("Mattie"), brings this Action against State Farm Fire and Casualty Company, ("State Farm"), and Wells Fargo Bank, N.A., ("Wells Fargo") (together, "Defendants"), seeking damages for breach of contract, negligence, and negligent hiring and retention. (*See generally* Am. Compl. ("FAC") (Dkt. No. 46).) Before the Court is Wells Fargo's Motion for Sanctions

(the "Motion"). (*See* Not. of Mot. (Dkt. No. 49).) For the reasons discussed below, the Motion is denied.

## I. Background

### A. Factual Background

Plaintiff is the administrator of her late mother's estate. (FAC ¶ 5.) Her mother owned property located at 74 Furnace Woods Road, Cortland Manor, New York 10567 (the "Property"). (*Id.* ¶ 6.) At all relevant times, the Property was covered by an insurance policy issued by State Farm. (*Id.* ¶¶ 7, 9.)

Plaintiff pleads on information and belief that in, around, or between December 2023 and June 2024, the Property's first floor and basement flooded, causing direct physical damage. (*Id.* ¶ 10.) Inspection of the Property revealed additional extensive damage caused by mold. (*Id.* ¶ 11.) Plaintiff subsequently provided notice to State Farm and submitted a claim seeking payment for damage. (*Id.* ¶ 12.) State Farm denied the claim on the basis that the flooding was the result of frozen heat pipes. (*Id.* ¶ 13.) State Farm's denial of Plaintiff's claim serves as the basis for her breach of contract claim against State Farm. (*Id.* ¶¶ 15–21, 38–47.)

Plaintiff also pleads upon information and belief that Wells Fargo was the mortgagee of the Property at all relevant times and that Wells Fargo commenced a foreclosure action on the property on or about July 18, 2023. (*Id.* ¶¶ 61–62.) Plaintiff further alleges, upon information and belief, that immediately following the commencement of the foreclosure action, Wells Fargo took possession of the Property, changed the locks, and retained the services of non-party Lion Tree and/or Loyal Inspections LLC ("Lion Tree/Loyal Inspections") to secure and maintain the Property. (*Id.* ¶ 63.) According to Plaintiff, Wells Fargo is responsible for the damage caused by the flooding because it was in control of the Property before and at the time it occurred and it

"failed to conduct reasonable inspections, failed to inspect the plumbing system, failed to winterize the plumbing system, . . . [and] failed to . . . test and monitor the . . . plumbing and heating systems" prior to the flooding. (*Id.* ¶ 65.) Plaintiff also alleges that Wells Fargo's employees and agents were negligent in hiring the services of Lion Tree/Loyal Inspections to secure and maintain the Property at the time the damage occurred. (*Id.* ¶¶ 70–72.)

B. Procedural Background

Plaintiff commenced this Action on July 31, 2024, in Westchester County Supreme Court. (*See* Compl. (Dkt. No. 1-1).) On September 4, 2024, the Action was removed to this Court. (*See* Not. of Removal (Dkt. No. 1).)

On October 10, 2024, Wells Fargo filed an Answer largely denying the allegations in the Complaint and including a counterclaim and cross-claim against State Farm. (*See* Def. Wells Fargo's Answer with Countercl. & Cross-cl. (Dkt. No. 8).) On October 28, 2024, State Farm filed an Answer to Wells Fargo's counterclaim and crossclaim. (*See* Def. State Farm's Answer to Def. Wells Fargo's Countercl. & Cross-cl. and Cross-cl. (Dkt. No. 15).)

On December 2, 2024, State Farm requested a pre-motion conference in anticipation of filing a motion to dismiss. (*See* Letter from Paul V. Majkowski, Esq. to Court (Dec. 2, 2024) (Dkt. No. 18).) Wells Fargo also requested a pre-motion conference in anticipation of filing a motion to dismiss on December 6, 2024. (*See* Letter from Yimell M. Suarez Abreu, Esq. to Court (Dec. 6, 2024) (Dkt. No. 19).) On December 16, 2024, the Court set a schedule for Defendants' motion to dismiss. (*See* Mot. Scheduling Order (Dkt. No. 20).)

On December 17, 2024, Plaintiff informed the Court of her intention to seek leave to amend the Complaint. (*See* Letter from Dave Britton, Esq. to Court (Dec. 17, 2024) (Dkt. No. 21).) On January 10, 2025, the Court set a briefing schedule on Plaintiff's Motion To Amend.

(*See* Mot. Scheduling Order (Dkt. No. 26).) On January 23, 2025, Plaintiff and State Farm stipulated to the withdrawal of Plaintiff's first and third causes of action and demands for punitive damages and attorneys' fees against State Farm. (*See* Stipulation (Dkt. No. 33).) Wells Fargo was not a party to this stipulation. (*Id.*)

On February 15, 2025, Plaintiff filed her Motion To Amend and Proposed Amended Complaint. (*See* Aff'n in Supp. of Mot. (Dkt. No. 34-1); Proposed Am. Compl. (Dkt. No. 34-2).) On March 14, 2025, Defendants filed their responses. (*See* Mem. of Law in Supp. of Opp'n (Dkt. No. 35); Response in Opp'n to Mot. (Dkt. No. 36).) On March 28, 2025, Plaintiff filed her Reply. (*See* Reply Aff'n in Supp. of Mot. (Dkt. No. 38).) While Plaintiff's Motion To Amend was pending, State Farm requested a pre-motion conference in anticipation of filing a motion for sanctions against Plaintiff under Federal Rule of Civil Procedure 11 ("Rule 11"), (*see* Letter from Yimell M. Suarez Abreu, Esq. to Court (Apr. 15, 2025) (Dkt. No. 39)), which Plaintiff opposed, (*see* Letter from David R. Britton, Esq. to Court (May 17, 2022) (Dkt No. 42)). At a pre-motion conference on June 24, 2025, the Court granted Wells Fargo leave to file its Motion For Sanctions after Plaintiff's pending Motion To Amend was resolved. (*See* Dkt. (minute entry dated June 24, 2025).)

On July 24, 2025, the Court granted Plaintiff leave to file an amended complaint within 30 days. *Davis v. State Farm Fire & Cas. Co.*, No. 24-CV-6728, 2025 WL 2081567, at *5 (S.D.N.Y. July 24, 2025). On August 26, 2025, Plaintiff filed her Amended Complaint, which, as relevant here, re-alleges claims of negligence and negligent hiring and retention against Wells Fargo. (FAC ¶¶ 61–72.) On September 8, 2025, Wells Fargo filed its Answer to Plaintiff's Amended Complaint and re-asserted a cross-claim and counterclaim against State Farm. (*See* Def. Wells Fargo's Answer to Pl.'s Am. Compl. with Countercl. & Cross-cl. against State Farm

(Dkt. No. 47).) State Farm filed its Answer to Plaintiff's Amended Complaint on September 12, 2025. (*See* Answer to Pl.'s Am. Compl. (Dkt. No. 48).) Wells Fargo then filed the instant Motion for Sanctions on September 22, 2025. (*See* Not. of Mot (Dkt. No. 49); Aff. in Supp of Mot. ("Penno Aff.") (Dkt. No. 50); Decl. in Supp. of Mot. (Dkt. No. 51); Mem. of Law in Supp. of Mot. ("WF Mem.") (Dkt. No. 52).) On October 21, 2025, Plaintiff filed her response. (*See* Reply Aff. in Opp'n to Mot. ("Pl.'s Opp'n") (Dkt. No. 53).) On October 28, 2025, Wells Fargo filed its Reply. (*See* Reply Mem. in Supp. ("WF Reply") (Dkt. No. 54).)

## II. Discussion

### A. Standard of Review

Federal Rule of Civil Procedure 11 ("Rule 11"), in relevant part, imposes a duty on every attorney to "certif[y] that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness . . . " *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) (citation, alteration, and quotation marks omitted). "With regard to factual contentions, 'sanctions may not be imposed unless a particular allegation is utterly lacking in support.'" *Id.* at 388 (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)).

"[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *see also E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179

(S.D.N.Y. 2008) ("The appropriateness of sanctions is distinct from the underlying merits of a claim."). "Although a party may move for sanctions before the merits of the compliant has been tested, it is 'unusual' to do so, *see Sportvision, Inc. v. MLB Advanced Media, LP*, No. 18-CV-3025, 2022 WL 19406558, at *4 (S.D.N.Y. Dec. 5, 2022) (quoting *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 413 (S.D.N.Y. 2003)), and "courts routinely deny motions for sanctions as premature where the motion would 'force a court to prejudge the merits of a party's legal arguments[,]'" *Amron v. MLB Advanced Media L.P.*, No. 24-CV-2930, 2024 WL 5009110, at *2 (S.D.N.Y. Dec. 6, 2024) (quoting *Hernandez v. Miller*, No. 22-CV-6964, 2022 WL 17584025, at *1 (S.D.N.Y. Dec. 12, 2022)).

The decision whether to impose sanctions under Rule 11 "is . . . committed to the district court's discretion." *Toussaint v. NY Dialysis Servs., Inc.*, 230 F. Supp. 3d 198, 222 (S.D.N.Y. 2017) (quoting *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)), *aff'd*, 706 F. App'x 44 (2d Cir. 2017). "Courts maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy[,]" *E. Gluck*, 252 F.R.D. at 179; *see also Miller v. Annucci*, No. 17-CV-4698, 2019 WL 4688539, at *6 (S.D.N.Y. Sept. 26, 2019) (same), and "the decision to impose sanctions should be 'made with restraint[,]'" *Morana v. Park Hotels & Resorts, Inc.*, No. 20-CV-2797, 2022 WL 769327, at *11 (S.D.N.Y. Mar. 14, 2022) (quoting *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999)); *see also Safe-Strap*, 270 F. Supp. 2d at 419 (noting that "the imposition of sanctions is a choice of last resort," and even if a court finds that a claim is frivolous, it should "as a first option[] consider the dismissal of that action on the merits through the mechanism of summary judgment").

B. Analysis

Wells Fargo asserts that "[a] reasonable investigation by Plaintiff and her counsel would have established that there is no legitimate factual or legal basis for the 'upon information and belief' negligence and negligent hiring and retention claims against Wells Fargo[,]" and her refusal to withdraw these claims is sanctionable under Rule 11. (WF Mem. 1.) In support of its request for sanctions, Wells Fargo submits a slew of exhibits that purportedly show that Plaintiff's claims against Wells Fargo are groundless and that Plaintiff refused to withdraw these claims after being informed of their frivolity. (*See* Penno Aff. (submitting 26 exhibits in support of Wells Fargo's Motion for Sanctions).) Plaintiff responds that her claims against Wells Fargo are not frivolous because the exhibits provided by Wells Fargo "were under their sole possession and were not available to [P]laintiff" prior to filing her original Complaint, (Pl.'s Opp'n ¶ 6), and they do not render her Amended Complaint frivolous because they "raise numerous issues of facts that go to directly to Wells Fargo's liability[,]" (*id.* ¶ 4).

In the present early posture of this case, imposing sanctions would be premature. Wells Fargo argues that Plaintiff's claims against it being pled "'upon information and belief' . . . strongly suggests that [Plaintiff] failed to meet her ongoing obligations under the Federal Rules to conduct an adequate investigation regarding Wells Fargo's purported access and securing of the [Property] in question prior to the water damage." (WF Mem. 10.) However, "'a plaintiff is not required to know at the time of pleading all facts necessary to establish the claim,' . . . and thus may make allegations based on information and belief[]" without those allegations becoming sanctionable under Rule 11. *Beecher v. Riverdale Riding Corp.*, No. 08-CV-6062, 2011 WL 3427196, at *5 (S.D.N.Y. Aug. 3, 2011) (quoting *Com. Cleaning Servs., LLC v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001)).

Wells Fargo also points to representations in Plaintiff's original Complaint, (*see* WF Mem. 4 ("Notably, Plaintiff actually admits in the original Complaint that she took all reasonable and necessary measures to inspect and maintain the . . . Property both before and after the flooding[,] demonstrating thereby that Wells Fargo did not have possession and control of the [Property] at any time prior to . . . May 2024" (quotation marks and emphasis omitted)), but Plaintiff's original Complaint is no longer relevant because it has been completely replaced by her Amended Complaint, *see Jordan v. Chiaroo*, No. 24-CV-204, 2024 WL 3925375, at *3 ("The Second Circuit has long held that an amended complaint completely replaces the original complaint." (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *Corrales v. Montefiore Med. Ctr.*, No. 22-CV-3219, 2023 WL 2711415, at *4 (S.D.N.Y. May 30, 2023) ("It is well established that an amended complaint ordinarily supersedes the original[] and renders it of no legal effect." (quotation marks omitted) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

The crux of Wells Fargo's argument—that "Plaintiff and [her] present counsel continue to maintain the same frivolous position . . . that is demonstrably false . . . and have now filed an Amended Complaint asserting the same demonstrably false facts[,]" (WF Mem. 8)—go to the merits of Plaintiff's claims and factual disputes between the Parties. However, it would be inappropriate to sanction Plaintiff at this stage because the Court has not yet had occasion to review the merits of her claims and cannot do so on a Rule 11 motion. *See VNUE, Inc. v. LG Cap. Funding, LLC*, No. 22-CV-3524, 2026 WL 1079848, at *2 (E.D.N.Y. Feb. 18, 2026) ("When addressing a Rule 11 motion, we must harken to the Supreme Court's admonition that the court does not judge 'the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process.'" (quoting *Cooter & Gell*,

496 U.S. at 396); *Miller*, 2019 WL 4688539, at *6 ("[T]he [c]ourt 'will not evaluate the merits of the parties' claims and defenses' for the purpose of a Rule 11 motion . . . ." (quoting *E. Gluck*, 252 F.R.D. at 181) (alteration adopted)); *Safe-Strap Co.*, 270 F. Supp. 2d at 417 ("In assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action." (citation omitted)). Similarly, Rule 11 "does not permit courts to resolve contested factual disputes or make credibility determinations[,]" *Troeger v. JetBlue Airways Corp.*, No. 23-CV-10859, 2026 WL 554692, at *6 (S.D.N.Y. Feb. 27, 2026) (citation omitted), and "[a] motion for sanctions cannot serve as an end-run around the fact finder's exclusive role to resolve factual disputes[,]" *In re Pfizer Inc. Sec. Litig.*, 288 F.R.D. 297, 331 (S.D.N.Y. 2013). If Wells Fargo wishes to challenge the merits or veracity of Plaintiff's claims, other types of motions are available for that purpose. *See DRE Health Corp. v. Two Canoes, LLC*, No. 23-CV-10643, 2026 WL 550185, at *11 (S.D.N.Y. Feb. 27, 2026) ("This [c]ourt is cognizant of the oft-cited principle that a Rule 11 motion may not properly substitute for a motion to dismiss or a summary judgment motion." (alteration, quotation marks, and citation omitted)); *Sportvision*, 2022 WL 19406558, at *4 ("Importantly, 'a Rule 11 motion for sanctions is not a proper substitute for a motion for summary judgment.' In other words, a court does not judge the merits of an action in ruling on a Rule 11 motion." (quoting *Safe-Strap*, 270 F. Supp. 2d at 416) (internal citation omitted)); *see also* Fed. R. Civ. P. 11, 1993 Advisory Committee Notes ("Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings[.]"). Accordingly, the Court declines to impose sanctions on Plaintiff for making frivolous claims because it has yet to evaluate the merits of Plaintiff's claims or resolve factual disputes between the Parties. *See Jawbone, LLC v. Donohue*, No. 01-CV-8066, 2002 WL 1424587, at *6 (S.D.N.Y. June 28, 2002) (declining to award sanctions because the court could

not "find at this early stage of the litigation, without the benefit of discovery and a thorough analysis of the merits of the case, that [the] plaintiff's allegations are completely without support").

## III. Conclusion

For the reasons set forth above, the Court denies Wells Fargo's Motion without prejudice. The Clerk of Court is respectfully directed to terminate the pending Motion at Dkt. No. 49.

SO ORDERED.

Dated: September 28, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge